**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**KALI S. SUNTOKE,**

         **Petitioner,**

         **v.**

**WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,**

         **Respondent.**

         **CASE NO. 2:15-CV-1354
         JUDGE JAMES L. GRAHAM
         Magistrate Judge Elizabeth P. Deavers**

## OPINION AND ORDER

On May 12, 2016, the Magistrate Judge issued an *Order* denying *Petitioner's Motion to Request the State to Produce Records of Various Transcripts and Documents of Court Records* (ECF No. 19) and *Motion to Order the Respondent to Supply to the Court and to the Petitioner the Complete Medical History and Cancer Report*. (ECF No. 20.) Petitioner has filed an *Objection* to the Magistrate Judge's *Order*. (ECF No. 32.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 32) is **OVERRULED**. The *Order* (ECF No. 28) is **ADOPTED** and **AFFIRMED**. Petitioner's *Motion to Request the State to Produce Records of Various Transcripts and Documents of Court Records* (ECF No. 19) and *Motion to Order the Respondent to Supply to the Court and to the Petitioner the Complete Medical History and Cancer Report* (ECF No. 20) are **DENIED**.

Petitioner maintains that he has established good cause for his discovery requests under Rules 6 and 7 of the Rules Governing Section 2254 Cases, and the standard set forth in *Bracy v. Gramley*, 520 U.S. 899 (1997), and *Harris v. Nelson*, 394 U.S. 286 (1969). Petitioner indicates that the transcripts of grand jury proceedings will enable him to rebut evidence presented to the

grand jury.  Petitioner insists that Respondent may obtain a transcript of the March 8, 2013, or April 8, 2013, trial proceedings, at which time the trial court denied his request for a continuance.  The Respondent has indicated that no hearing occurred on March 8, 2013, and that no transcripts therefore are available for that date.  Petitioner asserts that a transcript of the denial of his request for a continuance will assist him in establishing bias and prejudice on the part of the trial judge, and the denial of the effective assistance of counsel, who agreed to the continuance against Petitioner's wishes.  Petitioner also seeks what he purports to have been missing pages and investigation reports related to his case which, he states, have already been provided in discovery.  According to Petitioner, such material will establish that he is not guilty of the charges against him.  Petitioner disputes the characterization of his requests as a mere fishing expedition.  Petitioner also indicates that he is unable to obtain a copy of his medical records without a court order.  He states that he is only entitled to inspect his medical records for one hour every three months.  He asserts that such records support his claim of the denial of reasonable adequate medical care under the Eighth Amendment and will establish the gross negligence, deliberate indifference, and substantial harm caused by the medical authorities.

As discussed by the Magistrate Judge, it appears that Petitioner's claims may be readily resolved from the record already before the Court.  Despite his arguments to the contrary, none of the material Petitioner seeks, if it exists, will assist him in establishing that he is entitled to relief.  Petitioner fails to indicate the content or nature of any allegedly exculpatory evidence withheld by the prosecutor.  His claim that the information he seeks will assist him in establishing he is entitled to relief is entirely speculative.  Moreover, an action under 28 U.S.C. § 2254 relates solely to claims by prisoners alleging that they are in the custody pursuant to the judgment of a State court in violation of the Constitution or laws or treaties of the United States.

An action under 28 U.S.C. § 2254 will not provide a remedy for an allegation regarding inadequate or improper medical care.

For these reasons, and for the reasons detailed in the Magistrate Judge's *Order*, Petitioner's *Objection* (ECF No. 32) is **OVERRULED**.  The *Order* (ECF No. 28) is **ADOPTED** and **AFFIRMED.**  Petitioner's *Motion to Request the State to Produce Records of Various Transcripts and Documents of Court Records* (ECF No. 19) and *Motion to Order the Respondent to Supply to the Court and to the Petitioner the Complete Medical History and Cancer Report* (ECF No. 20) are **DENIED.**

**IT IS SO ORDERED.**

Date: August 9, 2016

_____s/James L. Graham_____
JAMES L. GRAHAM
United States District Judge