IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KALI S. SUNTOKE,

    Petitioner,

v.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:15-CV-01354
JUDGE JAMES L. GRAHAM
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

Petitioner, a state prisoner seeking a writ of habeas corpus under 28 U.S.C. § 2254, has filed a *Motion to Reconsider & Recall the Mandate Pursuant to Fed. R. Civ. P. 59(e)*. (ECF No. 51.) That motion is directed at this Court's August 17, 2017, Opinion and Order denying Petitioner's request for release on bail while this habeas action is pending. (ECF No. 50.) For the reasons that follow, Petitioner's motion is **DENIED**.

The Federal Rules of Civil Procedure do not explicitly authorize motions for reconsideration of judgments. Rule 59(e) does, however, allow for motions to alter or amend a judgment if such motions are filed no later than 28 days after a judgment is entered. Fed. R. Civ. P. 59(e). "Motions for reconsideration do not allow the losing party to repeat arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier." *Owner-Operator Indep. Drivers Assoc. v. Arctic Express, Inc.*, 288 F. Supp. 2d 895, 900 (S.D. Ohio 2003) (internal quotations and citations omitted). Moreover, such motions are only granted in limited circumstances— when there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent

manifest injustice. *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citing *GenCorp, Inc. v. Am. Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir.1999)).

Petitioner does not argue any of these accepted bases for altering or amending this Court's decision denying his request for bail while this federal habeas action is pending. Rather, Petitioner asserts that he has been subject to biased treatment in violation of the Equal Protection Clause of the United Sates Constitution. (ECF No. 51, at PAGEID #1591.) In support of this assertion, Petitioner cites several cases where federal district courts granted federal criminal defendants requests for their release while their criminal appeals were pending. (ECF No. 53 at PAGEID # 1602.) Petitioner further asserts that the defendants in those cases were granted release because they were U.S. citizens and that Petitioner has been denied similar relief in this case because he is not a U.S. citizen. (*See id.*) Petitioner further asserts that the Constitution protects the natural rights of all persons, including aliens, and not just the rights of citizens.

The cases cited by Petitioner are, however, unavailing. The defendants in all of those cases were convicted in federal court and sought release while they directly appealed their convictions. Accordingly, their requests for release were governed by the provisions of 18 U.S.C. § 3143(b). In contrast, Petitioner is not directly appealing his conviction. Indeed, Petitioner could not directly appeal his conviction in this action because he was convicted in state court. Petitioner is, instead, collaterally attacking his state court conviction in this federal habeas proceeding. Accordingly, his request for release is governed by a different standard.

Specifically, in order to be released on bail pending a decision on the merits of his habeas petition, Petitioner "must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of some circumstance making the motion for bail exceptional and deserving of special treatment in the interests of justice." *Lee v. Jabe*, 989 F.2d

869, 870 (6th Cir. 1993) (quoting *Dotson v. Clark,* 900 F.2d 77, 79 (6th Cir. 1990) (citing *Aronson v. May*, 85 S.Ct. 3, 5 (1964) (internal quotation marks and citations omitted)). That is the standard this Court used in its decision denying Petitioner's request for release on bail. (ECF No. 50.) This Court found that the record failed to reflect a substantial claim of law or exceptional circumstances. The cases cited by Petitioner do not convince this Court to alter or amend that judgment.

Petitioner's other assertion is equally unavailing. Petitioner complains that the Respondent opposed his prior motion (ECF No. 25), seeking discovery of his medical records and that had he obtained those records through discovery, he would be able to substantiate an exceptional circumstance. (ECF No. 51, at PAGEID # 1591, 1595.) Petitioner, however, described in detail his medical conditions in his motion seeking release on bail.[1] (ECF No. 46-4 at PAGE ID # 1350–59.) The Court was therefore aware of the medical conditions but still concluded that there was no exceptional circumstance warranting release. Thus, even if Petitioner had been allowed to obtain medical records through discovery, his request for release would have been denied. Moreover, even if Petitioner's medical conditions had constituted an exceptional circumstance, the record does not reflect a substantial claim of law. For these reasons, Petitioner's complaints about discovery do not persuade this Court to alter or amend its bail determination.

**IT IS SO ORDERED.**

Date: February 27, 2018

                                                      s/James L. Graham
                                                     JAMES L. GRAHAM
                                                     United States District Judge

---

[1] The Court notes that Petitioner can obtain those medical records using the prison institution's policies.