**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

KALI S. SUNTOKE,

    Petitioner,

v.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:15-CV-01354
JUDGE JAMES L. GRAHAM
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

Petitioner, a state prisoner seeking a writ of habeas corpus under 28 U.S.C. § 2254, moved for release on bail while this habeas action was pending. (ECF No. 46.) That motion for release on bail was denied August 17, 2017. (ECF No. 50.) Petitioner did not appeal that determination. Instead, he filed a motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure ("Rule 59(e) Motion") asking the Court alter or amend its August 17, 2017, judgment denying the motion for release on bail. (ECF No. 51.) On February 27, 2017, the Rule 59(e) Motion was denied. (ECF No. 59.) This matter is before the Court on Petitioner's March 5, 2018, Notice of Appeal of the Rule 59(e) Motion (ECF No. 60), which the Court construes as a request for a certificate of appealability ("COA").

In its August 17, 2017, judgment, the Court found that Petitioner did not establish that release on bail was warranted because the record did not reflect a substantial claim of law or exceptional circumstance. (ECF No. 50.) *See also Lee v. Jabe*, 989 F.2d 869, 870 (6th Cir. 1993) (quoting *Dotson v. Clark,* 900 F.2d 77, 79 (6th Cir. 1990) (citing *Aronson v. May*, 85 S.Ct. 3, 5 (1964) (internal quotation marks and citations omitted)). In his Rule 59(e) motion,

Petitioner did not assert that the Court should alter that judgment because of a clear error of law, newly discovered evidence, an intervening change in the law, or a need to prevent manifest injustice, which are the circumstances when a Rule 59(e) motion might be granted. *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir.1999)). As a result, the Court was not persuaded to alter or amend the August 17, 2017, judgement denying Petitioner's motion for release on bail.

"In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, —U.S. —. 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.) Instead, a petitioner cannot appeal a final order unless a circuit justice or judge issues a COA. 28 U.S.C. § 2253(c)(1). A COA will not issue unless a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (recognizing codification of *Barefoot* in 28 U.S.C. § 2253(c)(2)). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack*, 529 U.S. at 484 (quoting *Barefoot*, 463 U.S., at 893 n. 4). A COA is required for a petitioner to appeal the denial of a Rule 59(e) motion. *United States v. Clark*, No. 3:10-cv-406, 2013 WL 8229682, a8 *2 n. 2 (S.D. Ohio June 11, 2013) ("A certificate of appealability is required for a habeas petitioner to appeal the denial of a Rule 59(e) motion"); *see also Keith v. Bobby*, 618 F.3d 594, 597 (6th Cir. 2010) (acknowledging that a certificate of appealability was granted with

respect to a habeas petitioner's Rule 59(e) motion). *Cf. United States v. Hardin*, 481 F.3d 924, 925–26 (6th Cir. 2007) (holding that a certificate of appealability is required for a § 2255 habeas petitioner to appeal the denial of a Rule 60(b) motion).

The Court is not persuaded that reasonable jurists would debate whether the Court correctly denied Petitioner's Rule 59(e) Motion. Petitioner did not establish the existence of circumstances that would justify granting such a motion. The request for a certificate of appealability is denied.

**IT IS SO ORDERED.**

Date: March 19, 2018

                                                   ____s/James L. Graham_____
                                                   JAMES L. GRAHAM
                                                   United States District Judge