# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

KALI S. SUNTOKE,

        Petitioner,    :    Case No. 2:15-cv-1354

- vs -    District Judge James L. Graham
    Magistrate Judge Michael R. Merz

Warden,
  Chillicothe Correctional Institution

        :

        Respondent.

## DECISION AND ORDER DENYING MOTION FOR RECONSIDERATION

This habeas corpus case is before the Court on Petitioner's Motion for Reconsideration (ECF No. 71) of the Magistrate Judge's Decision and Order (ECF No. 68) denying Petitioner's second Motion for Evidentiary Hearing (ECF No. 67).

Courts disfavor motions for reconsideration because they consume a court's scarce time for attention to a matter that has already been decided. They are subject to limitations based on that disfavor.

> As a general principle, motions for reconsideration are looked upon with disfavor unless the moving party demonstrates: (1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir. 1985), cert. denied, 476 U.S. 1171, 90 L.Ed.2d 982 (1986).

*Meekison v. Ohio Dep't of Rehabilitation & Correction*, 181 F.R.D. 571, 572 (S.D. Ohio 1998) (Marbley, J.). In the hope of being clearer about the Court's ruling, the Magistrate Judge will

1

entertain this particular motion for reconsideration.

Petitioner was indicted on thirty-two counts of pandering obscenity involving a minor in violation of Ohio Revised Code § 2907.321(A)(1) which provides that "(A) No person, with knowledge of the character of the material or performance involved, shall do any of the following: (1) Create, reproduce, or publish any obscene material that has a minor as one of its participants or portrayed observers." At various points in his pleadings, Petitioner has claimed that the State must prove he committed all three elements: creating, reproducing, and publishing. The Magistrate Judge has pointed out that the statute speaks in the disjunctive, emphasizing the word "or" which appears in the statute before the third element, "publish."

In the instant Motion, Petitioner concedes this point saying he "will not argue that the THREE elements 'Create, reproduce or publish mentioned in O.R.C. 2907.3231(A)(1) are not disjunctive." (Motion, ECF No. 71, PageID 2212.) Instead, he now claims "that the State's intention was to prove all THREE elements but failed to do so." *Id.*.

As proof of the State's intention, he offers first the criminal complaint filed in the Zanesville Municipal Court. This document is attached to his Petition (ECF No. 8-5, PageID 388-93.)[1] Each of the twenty-nine counts contains the statutory language "create, reproduce, or publish" and never uses the conjunctive. How this evidences an intention to prove all three elements at trial is opaque to the Magistrate Judge.

Petitioner then notes that both the Indictment and the Bill of Particulars contained all three elements in each relevant count. Upon examination of those documents, the Court finds each relevant count contains the statutory language "create, reproduce, or publish." (See Return of

---

[1] The State Court Record filed by the Respondent and require by Rule 5 to include all portions of the record of state court proceedings necessary to adjudicate this case does not include this document and the Court has never permitted expansion of the record to include this or any other documents attached to the Petition. For purposes of this Decision, however, the Magistrate Judge accepts the authenticity of the Complaint.

2

Writ, ECF No. 14-1, PageID 651, *et seq.*, and 661, *et seq.*) Again, Petitioner fails to show how this proves an intention to prove all three elements at trial.

In *Maumee v. Geiger*, 45 Ohio St. 2d 238 (1976), relied on by Suntoke,[2] municipal employees were charged with receiving stolen property in violation of § 134.17 of the Maumee Municipal Code. The defense theory was that a thief of property cannot be convicted of receiving the same stolen property. Counsel requested a jury instruction to that effect which was refused. On appeal the Ohio Supreme Court held that theft and receiving stolen property were allied offenses of similar import under Ohio Revised Code § 2941.25 and that a person could be tried for both but convicted of only one.[3] The complaints in *Geiger* charged only receiving stolen property but were made in the words of the ordinance: "receive, retain, or dispose." The portion of the case relied on by Petitioner reads:

> Although receiving is technically not an included offense of theft, it is, under R. C. 2941.25, an "allied offense of similar import." An accused may be tried for both but may be convicted and sentenced for only one. The choice is given to the prosecution to pursue one offense or the other, and it is plainly the intent of the General Assembly that the election may be of either offense.

45 Ohio St. 2d at 244. The opinion says nothing about the prosecutor choosing among "receive, retain, or dispose." Instead, it says the prosecutor may prosecute both for theft and receiving stolen property and the defendant may be tried for both, but only convicted and sentenced for one. The opinion says nothing at all about inferring an intent to prove all three elements after charging disjunctive offenses in the words of the statute.

Here the Petitioner was charged in the Indictment in the words of the statute. The Supreme Court of Ohio has held when an indictment tracks the language of the criminal statute describing

---

[2] Suntoke says the case involved a murder charge, but in fact it was about theft of thousands of plastic trash bags.
[3] Charges were filed in Geiger in April 1974, only a few months after the new criminal codification became effective on January 1, 1974, which brought the allied offenses issue into Ohio law for the first time.

3

the offense, the indictment provides the defendant with adequate notice of the charges against him and is, therefore, not defective. *State v. Wesson*, 137 Ohio St. 3d 309, 315, 2013-Ohio-4575 at ¶29 (Ohio 2013); *State v. Horner*, 126 Ohio St. 3d 466, 473, 2010-Ohio-3830 at ¶45 (Ohio 2010). Further, the supreme court held that "failure to timely object to a defect in an indictment constitutes waiver of the error. Ohio R. Crim. P.12(C)(2)(objections to defect in indictment must be raised before trial"). *Horner*, *supra*. "Any claim of error in the indictment in such a case is limited to plain-error review on appeal." *Id*., citing *State v. Frazier* (1995), 73 Ohio St. 3d 323; Crim. R. 52(B).

There is no doubt in this case that the relevant counts of the indictment were charged in the language of the statute. Moreover, Suntoke never claimed prior to trial that the indictment was defective for failure to choose which of the three disjunctive elements the State was prepared to prove and thus this claim is procedurally defaulted under the doctrine of procedural default discussed in the Magistrate Judge's Report and Recommendations on the merits (ECF No. 70, PageID 2164-68).

Suntoke claims he filed a pretrial motion to question a variance between evidence presented to the grand jury and what was in the indictment, a motion the trial court denied (Motion, ECF No. 71, PageID 2214). This, he says, is fundamentally unfair. *Id.* What Petitioner misses is that there is no federal constitutional right to grand jury indictment at all. *Hurtado v. California*, 110 U.S. 516 (1884); *Gerstein v. Pugh,* 420 U.S. 103 (1975); *Branzburg v. Hayes,* 408 U.S. 665, 687-88 n.25 (1972).

What Petitioner also misses is the effect of his no contest plea. As set forth in the Report and Recommendations on the merits, Suntoke's plea of no contest waives any prior constitutional

4

defects, particularly in the form of the indictment. (See Report and Recommendations, ECF No. 70, PageID 2177.)

Finally it must be noted that Petitioner continues to misunderstand the function of an evidentiary hearing. In his prayer for relief in the instant Motion, he asks for an unconditional writ of habeas corpus or "in the alternative this Honorable Court holds an evidentiary hearing for the factual determination of the facts of this case, and allow the State and the Petitioner to present it's [sic] evidence to this Honorable [court]." (ECF No. 71, PageID 2216.) As the Magistrate Judge pointed out in denying Petitioner's first motion for evidentiary hearing,

> [T]he Supreme Court has importantly interpreted the AEDPA in *Cullen v. Pinholster,* 563 U.S. 170 (2011), where it held that a federal habeas court's review of a state court decision under 28 U.S.C. § 2254(d)(1) is strictly limited to "review of the state court record," and that evidence acquired through use of an evidentiary hearing may not be considered. Stated differently, pursuant to *Pinholster,* under 28 U.S.C. §§ 2254(d)(1), when addressing a claim that was adjudicated on the merits by the state court, the habeas court's review is limited to the record that was before the state court. *Ballinger v. Prelesnik*, 709 F.3d 558, 561 (6th Cir. 2013); *Bray v. Andrews,* 640 F.3d 731, 737 (6th Cir. 2011). That holding has also been extended to review of state court fact-finding under 28 U.S.C. § 2254(d)(2). *Trimble v. Bobby,* No. 5:10-CV-00149, 2011 WL 1527323 at *2 (N.D Ohio, Apr. 19, 2011).

(Decision, ECF No. 66, PageID 2147.)

For all of the foregoing reasons, Petitioner's Motion for Reconsideration is DENIED.

August 10, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge