# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

KALI S. SUNTOKE,

        Petitioner,    :    Case No. 2:15-cv-1354

- vs -                    District Judge James L. Graham
                             Magistrate Judge Michael R. Merz

Warden,
  Chillicothe Correctional Institution

                                    :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on recommittal from District Judge Graham (ECF No. 79) to reconsider the case in light of Petitioner's Objections (ECF No. 78) to the Magistrate Judge's original Report and Recommendations ("Report," ECF No. 70).

The Petition was filed *pro se* and pleads nineteen Grounds for Relief as follows:

> **GROUND ONE:** The Grand Jury was prejudiced and biased due to the prosecutorial misconduct which led to the prejudice of the Petitioner.
>
> **GROUND TWO**: Petitioner' sentence of Seven years is grossly disproportionate and inconsistent to the sentences imposed on similar offenders for similar offenses, hence the State of Ohio fails to comply with the United States Supreme Court's proportionality analysis in violation of the 8th and the 14th Amendments of the United States Constitution.
>
> **GROUND THREE**: The Trial Judge was completely biased and prejudiced against the Petitioner on account of his race and religion.
>
> **GROUND FOUR:** Both the Trial Counsels and the Appellate Counsel were ineffective and inadequate pursuant to *Strickland v/s. Washington* to the prejudice of the Petitioner.

1

**GROUND FIVE**: The Petitioner was deprived of his liberty without an Arrest Warrant in violation of *Illinois v/s Gates*, 462 US 213.

**GROUND SIX**: Detective Hill misled the Judge in his Affidavit for the issue of a Search Warrant in violation of *United States v/s Leon*, 468 US 897.

**GROUND SEVEN**: There is no evidence in the Plea Colloquy regarding a factual basis for the Plea.

**GROUND EIGHT:** The Trial Court failed to state the elements of the offense during the Petitioner's Plea Colloquy in violation of *Henderson v/s Morgan*, 426 US 637.

**GROUND NINE**: The Trial Court violated *North Carolina v/s Alford* 400 US 25 by not convicting the Petitioner on a lesser included offense which was supported by the evidence offered by the State.

**GROUND TEN:** The Trial Court failed to comply with Ohio Criminal Rule 11 (C)(2)(c) and thus failed to comply with the strict mandates of *Boykin v/s Alabama*, 395 US 336.

**GROUND ELEVEN:** Detective Hill violated *Gerstein v. Pugh* 420 US 103, by not obtaining a determination of probable cause after the warrantless arrest of the Petitioner.

**GROUND TWELVE**: The Trial Court violated the Petitioner's Speedy Trial Rights.

**GROUND THIRTEEN:** Denial of a Continuance by the Trial Judge violated the Petitioner's Constitutional Rights.

**GROUND FOURTEEN:** Trial Counsels were ineffective and committed prejudicial errors.

**GROUND FIFTEEN**: Prejudicial error was committed against the Petitioner by the Zanesville Police Department and Agent Bryant when they violated the Petitioner's Article 36 of the Vienna Convention to which treaty the United States is a signatory.

**GROUND SIXTEEN:** The Petitioner's "reasonable expectation of privacy" rights were violated when the Franklin County Task Force hacked into the Petitioner's personal home laptop computer.

> **GROUND SEVENTEEN:** Trial Counsel were ineffective and inadequate and then committed prejudicial error when they failed to file a Motion pursuant to Criminal Rule No. 12(C) regarding an '*Ignorantia Facti Excusat*' Issue on Petitioner's behalf.
>
> **GROUND EIGHTEEN:** The Petitioner's constitutional rights under the Eighth Amendment were violated as the Petitioner's sentence amounted to cruel and unusual punishment under the totality of circumstances.
>
> **GROUND NINETEEN**: The Zanesville Municipal Court made an unreasonable factual determination pertaining to Petitioner's Waiver of the Preliminary hearing.

(Petition, ECF No. 8-2, PageID 230-31.)

The Report discusses each Ground for Relief individually after devoting space to discussing general habeas corpus law in light of the fact that the Petition is 410 pages long and the Traverse is 475 pages long.

Since the Report was filed, Petitioner has acquired retained counsel who filed the Objections. Having repeated the Grounds for Relief and the standard for review of a Magistrate Judge's report and recommendations, counsel divides his argument into three sections:

III. Procedural Default (Grounds 1-2, 4-16, 19) (Objections, ECF No. 78, PageID 2237-39).

IV. No Contest Plea (Ground 1, 6, 11-12, 15-16, 18). *Id.* at PageID 2239-40

V. Objections Relating to Grounds One, Seven, and Eight. *Id.* at PageID 2240-52.

This Supplemental Report will respond to the Objections in the way they are organized by Petitioner's counsel.

### III. Procedural Default (Grounds 1-2, 4-16, 19)

In this section of the Objections, Petitioner cites the general standard for procedural default stated in *Guilmette v. Howes,* 624 F.3d 286 (6th Cir. 2010)(*en banc*):

> A habeas petitioner procedurally defaults a claim if:
>
> (1) the petitioner fails to comply with a state procedural rule; (2) the state courts enforce the rule; (3) the state procedural rule is an adequate and independent state ground for denying review of a federal constitutional claim; and (4) the petitioner cannot show cause and prejudice excusing the default.

*Id.* at 690, quoting *Tolliver v. Sheets*, 594 F.3d 900, 928 n.11 (6th Cir. 2010)(citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)). Petitioner notes that the Magistrate Judge found "that almost all claims presented in the petition were procedurally defaulted in various ways in the state courts." (Objections, ECF No. 78, PageID 2238). Petitioner then makes a blanket claim that his procedural defaults are excused because "[t]hese claims could not have been discovered by the Petitioner because he was denied ineffective [sic] assistance of counsel." *Id.* at PageID 2239.

Attorney error amounting to ineffective assistance of counsel can constitute cause to excuse a procedural default. *Murray v. Carrier,* 477 U.S. 478, 488 (1985); *Howard v. Bouchard,* 405 F.3d 459, 478 (6th Cir. 2005); *Lucas v. O'Dea*, 179 F.3d 412, 418 (6th Cir. 1999); *Gravley v. Mills,* 87 F.3d 779, 785 (6th Cir. 1996). However, *Murray v. Carrier* also holds that the exhaustion doctrine "generally requires that a claim of ineffective assistance of counsel be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default in federal habeas proceedings." 477 U.S. at 489; *See also Ewing v. McMackin*, 799 F.2d 1143, 1149-50 (6th Cir. 1986). Attorney error cannot constitute cause where the error caused a petitioner to default in a proceeding in which he was not constitutionally entitled to counsel, e.g.,

4

a discretionary appeal or state post-conviction proceeding. *Coleman v. Thompson*, 501 U.S. 722 (1991). "Attorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must 'bear the risk of attorney error.'" *Murray v. Carrier*, 477 U.S. 478, 488 (1985), quoted in *Coleman v. Thompson*, 501 U.S. 722, 111 S. Ct. 2546, 115 L. Ed. 2d 640, 671 (1991). The ineffective assistance claim cannot be presented as cause if it was itself procedurally defaulted in the state courts, unless one of the standard excuses for that procedural default exists, to wit, actual innocence or cause and prejudice. *Edwards v. Carpenter*, 529 U.S. 446 (2000).

The Report recommends relying on procedural default, at least as an alternative holding, to dismiss the following Grounds for Relief on the bases cited:

**Ground One: Grand Jury Bias Caused by Prosecutorial Misconduct.** Defaulted because never presented to the state courts. The Report also notes Suntoke never presented an ineffective assistance claim related to Ground One to the Ohio courts. (Report, ECF No. 70, PageID 2178).

**Ground Two: Disproportionate Sentence.** Defaulted because apparent on direct appeal but not raised. "Suntoke blames this on ineffective assistance of appellate counsel, but procedurally defaulted that excuse when he failed to properly file his Ohio R. App. P. 26(B) application. See *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000), *supra*." (Report, ECF No. 70, PageID 2181.)

**Ground Three: Judicial Bias.** Defaulted because never presented in a motion for disqualification to the Chief Justice of the Supreme Court of Ohio and not raised on direct appeal. *Id.* at PageID 2184. Claim of ineffective assistance of appellate counsel to excuse already discussed.

**Ground Four: Ineffective Assistance of Both Trial and Appellate Counsel.** Defaulted because Suntoke failed to properly file his 26(B) Application to Reopen and failed to appeal from denial of reopening. *Id.* at PageID 2186.

5

**Ground Five: Warrantless Arrest.** Found defaulted because never raised in the state courts.

**Ground Six: Improperly Issued Search Warrant.** Found defaulted because not raised in petition for post-conviction relief, since it depends on facts outside the record. *Id.* at PageID 2201.

**Ground Seven: No Record of a Factual Basis for the Conviction.** Found defaulted because available on direct appeal and never raised. *Id.* at PageID 2201-02.

**Ground Eight: Failure of the Trial Court to State the Elements of the Offense.** Same as Ground Seven. *Id.*

**Ground Nine: Failure to Convict of Lesser Included Offense.** Same as Ground Seven. *Id.* at PageID 2203. Same as Ground Seven. *Id.* at PageID 2203.

**Ground Ten: Invalid No Contest Plea.** Same as Ground Seven. *Id.* at PageID 2204.

**Ground Eleven: Failure to Obtain Determination of Probable Cause Post-Arrest.** Same as Ground Seven, *Id.*

**Ground Twelve: Violation of Speedy Trial Rights.** Same as Ground Seven. *Id.* at PageID 2205.

**Ground Thirteen: Denial of a Continuance to Obtain New Counsel.** Same as Ground Seven. *Id.* at PageID 2206.

**Ground Fourteen: Ineffective Assistance of Trial Counsel/Motion to Suppress.** Duplicates Ground Four and was recommended to be dismissed on the same basis. *Id.*

**Ground Fifteen: Violation of the Vienna Convention.** Found defaulted because never presented to the Ohio courts. *Id.*

**Ground Sixteen: Violation of Privacy Rights by Hacking into Petitioner's Computer.** Same as Ground Fifteen. *Id.* at PageID 2207.

**Ground Seventeen: Ineffective Assistance of Trial Counsel: Failure to File a Motion Regarding a Defense**. Not found procedurally defaulted.

**Ground Eighteen: Cruel and Unusual Punishment.** Same as Ground Seven. *Id.* at PageID 2208-09.

**Ground Nineteen: Unreasonable Factual Determination by Zanesville Municipal Court.** Same as Ground Seven and also not raised in post-conviction. *Id.* at PageID 2209.

In the Objections, Petitioner's counsel asserts Suntoke could not have discovered these claims because he did not have the effective assistance of counsel (Objections, ECF No. 78, PageID 2239). However he cites no place in the record where the claims of ineffective assistance of trial counsel or ineffective assistance of appellate counsel were properly presented to the Ohio courts, i.e., where those claims were not themselves defaulted. Suntoke's position, if accepted, would effectively overrule the procedural default doctrine established in *Wainwright v. Sykes*, 433 U.S. 72 (1977), and put habeas jurisprudence back where it was under *Fay v. Noia*, 372 U.S. 391, 438 (1963), where any claim could be raised in habeas unless the State could prove a deliberate bypass of state procedure.

Suntoke's claim that his failure to file is excused by his ignorance of American law and lack of proficiency in English is barred by precedent. *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004)(citations omitted).

IV. **No Contest Plea (Ground 1, 6, 11-12, 15-16, 18)**

Petitioner concedes the correct analysis of whether the no contest pleas can stand turns on the voluntariness of the plea (Objections, ECF No. 78, PageID 2239). Petitioner also admits the trial judge asked the appropriate questions to determine if the plea was knowingly and intelligently made. *Id.* at PageID 2240. But then Petitioner turns to matters which are not supported by

7

evidence:

> Petitioner felt frightened and bullied by counsel to Plea based upon conversation regarding the consequences of not placing the plea. Petitioner also was not fully advised in regard to the deportation issue. While the Judge properly addressed it in the plea colloquy he did not fully understand the ramifications as it was briefly addressed nor what would happen if he chose to withdraw his plea since his counsel made him fearful that he would be facing over three hundred years in prison.

*Id.* at PageID 2240. Petitioner's counsel gives no evidentiary references for these asserted facts at all. The proper place to present such facts would have been in post-conviction, but counsel gives no citation to show that they were thus presented. This Court cannot consider them now in the first instance because of the bar of *Cullen v. Pinholster*, 563 U.S. 170 (2011).

Moreover, when a state court judge properly inquires with respect to a tendered no contest plea and the defendant answers that he understands, the federal courts will hold him to his representations. A plea-proceeding transcript which suggests that a guilty or no contest plea was made voluntarily and knowingly creates a "heavy burden" for a petitioner seeking to overturn his plea. *Garcia v. Johnson*, 991 F.2d 324, 326–28 (6th Cir. 1993). Where the transcript shows that the guilty or no contest plea was voluntary and intelligent, a presumption of correctness attaches to the state court findings of fact and to the judgment itself. *Id.* at 326–27.

A court cannot rely on the petitioner's alleged "subjective impression" "rather than the bargain actually outlined in the record," for to do so would render the plea colloquy process meaningless. *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999). If the plea colloquy process were viewed in this light, any defendant who alleged that he believed the plea bargain was different from that outlined in the record would have the option of withdrawing his plea despite his own statements during the plea colloquy indicating the opposite. *Id.*

8

## V. Objections Relating to Grounds One, Seven, and Eight.

The gravamen of this set of Objections is that the facts recited in the plea colloquy will not support conviction of the crimes as indicted.

As the Report notes, Petitioner was indicted on thirty-two counts of pandering obscenity involving a minor as a second degree felony in violation of Ohio Revised Code § 2907.321(A)(1)[1] (Indictment, State Court Record, ECF No. 14-1, PageID 651, *et seq.*).

Ohio Revised Code § 2907.321 (A) provides:

> No person, with knowledge of the character of the material or production involved, shall do any of the following:
>
> (1) Create, reproduce, or publish any obscene material that has a minor as one of its participants or portrayed observers;

The Indictment charges offenses in the words of the statute. For example, Count One reads:

> THE JURORS OF THE GRAND JURY of the State of Ohio, within and for the body of the County aforesaid, on their oaths, in the name and by the authority of the State of Ohio, do find and present that on or about 03/25/2012, in the County of Muskingum, Ohio, Kali S. Suntokc did. with knowledge of the character of the material or performance involved, **create, reproduce or publish** any obscene material. to-wit: Video titled Pedo Boy-Man F*** and Rape Preteen Boys Really Deep Enter PI 0 I.mpg., that has a minor as one of its participants or portrayed observers: in violation of Ohio Revised Code, Title 29, Section 2907.32l(A)(l) and against the peace and dignity of the State of Ohio (emphasis added).

On the date set for trial, April 9, 2013, Petitioner agreed to plead no contest to Counts 1-9, 14-15, 20-21, 28-29, and 32 with the remainder of the charges to be dismissed and with an agreed

---

[1] The Indictment also charges one count of violating Ohio Revised Code § 2907.321(A)(5), but that count was dismissed as part of the Plea Agreement.

sentence of seven years' imprisonment. (Plea Agreement, State Court Record, ECF No. 14-1, PageID 716-18.) Each of those counts is a charge of pandering obscenity involving a minor and Suntoke pleaded no contest to each of those counts separately. The prosecutor then read the following stipulation into the record:

> The defense and State would stipulate that if Special Agent Cameron Bryant were called as a witness the following facts would be presented before the Court or a jury for purposes of a trial. That on November 15th, 2011, investigators with the Franklin County Internet Crimes Against Children Task Force discovered that a computer in Zanesville, Ohio, was accessing and sharing images of sexually exploited children via the internet.
>
> Special Agent Cameron Bryant obtained a search warrant for the residence of Kali Suntoke as a result of this investigation. The search warrant led to the discovery of multiple computers containing more than 2,000 videos and images that showed children under the age of 18 engaged in numerous sexual activities that included fellatio, cunnilingus, vaginal intercourse, and anal intercourse. Included in those files were files downloaded between January 15th of 2004 and March 27th of 2011, were those -- within those dates were the sixteen counts the defendant is pleading no contest to today. These images all contained underage victims engaging in sexual conduct that appeal to prurient interest, depicts sexual conduct in a patently offensive way, and lacks serious literary, artistic, political, or social value. This occurred in Muskingum County, State of Ohio.

(Plea Transcript, State Court Record, ECF No. 14-2, PageID 1157-58.) Suntoke's attorney at the time agreed that there were no objections to the indictment as returned. *Id.*

By accepting this stipulation, Suntoke admitted downloading images of child pornography from the Internet. He had been caught with over two thousand such images on his computer. "Downloading" consists of copying something from an internet website onto a storage medium, either a computer hard drive or a removable medium. *United States v. Romm*, 455 F.3d 990, 1006, n. 3 (9th Cir. 2006). Downloading is sufficient to constitute reproducing, thereby satisfying the statutory element. *Cooper v. Smith*, Case No. 1:11-cv-699, 2013 WL 6119223 at *14 (N.D. Ohio

Nov. 21, 2013).

Suntoke argues the stipulation of facts is not enough for conviction. He claims that to be convicted of pandering obscenity, one must guilty of creating **and** reproducing **and** publishing the obscene matter (Objections, ECF No. 78, PageID 2243). But that is not the Ohio law. Ohio Revised Code § 2907.321(A)(1) reads in the disjunctive: "create, reproduce, or publish." The Report makes this point, but Suntoke argues "Magistrate Merz missed what the Grand Jury 'actually did.' . . . . The Grand Jury 'fully and clearly' set out that Petitioner committed all three elements for each count." (Objections, ECF No. 78, PageID 2246). That is simply not so. The Indictment uses exactly the same language as the statute, "create, reproduce, **or** publish" (See Count One, quoted above from the Indictment (State Court Record, ECF No. 14-1, PageID 658).)

Petitioner correctly notes that, as a matter of due process, the State must prove every element of the charged crime. *In re Winship*, 397 U.S. 358 (1970). But it is state law that determines what the elements of the crime are. Here the Ohio General Assembly has determined that a person can commit pandering of obscenity involving a minor by creating the obscene material or reproducing it or by publishing it. The plain language of the statute is disjunctive and nothing in the United States Constitution prevents a State from legislating alternative elements of a crime.

Petitioner includes several pages of citations about the importance of the grand jury in Anglo-American jurisprudence (ECF No. 78, PageID 2244-47). However, he fails to explain why that is relevant to this case. The grand jury here charged Petitioner in the words of the statute which are disjunctive. Petitioner stipulated to facts which admit he reproduced child pornography. His right to grand jury indictment is not in issue.[2]

---

[2] Petitioner's counsel continues to assert that the Grand Jury Clause of the Fifth Amendment applies to the States. Borrowing language from bankruptcy practice, he asserts the Fourteenth Amendment "crammed the Federal Bill of

Petitioner makes much of the fact that this case began with a complaint filed in the Zanesville Municipal Court which resulted in the arrest warrant that brought Mr. Suntoke into custody. Counsel purports[3] to quote the Complaint as charging Petitioner in the words of the statute -- "create, reproduce, or publish" – and then asserts the Zanesville Police Officer who filed the Complaint intended to charge all these elements (Objections, ECF No. 78, PageID 2243). The language, assuming the quotation is accurate, hardly supports Petitioner's argument – the officer used the same disjunctive language that appears in the statute. Moreover, the governing charging document is the Indictment which supersedes the Complaint in a felony case. Petitioner actually admits that point at ECF No. 78, PageID 2244.

Mr. Suntoke argues the Supreme Court has invalidated the Magistrate Judge's analysis of the statute and indictment as being disjunctive (Objections, ECF No. 78, PageID 2249, citing *Turner v. United States*, 396 U.S. 398 (1970). The language quoted – "It is less than fantastic" – is from the dissent of Justices Black and Douglas and has nothing to do with a statute or indictment that reads in the disjunctive.

Objecting to the proposed disposition of Ground Eight, Petitioner claims the trial judge never mentioned the elements of the offenses in the plea colloquy, in violation of *Henderson v. Morgan*, 426 U.S. 637[4] (Objections, ECF No. 78, PageID 2250). The holding in *Henderson* is not about the plea colloquy, but whether there was a finding or admission of the *mens rea* element. The requisite mens rea in this case is knowing the nature of the obscene material downloaded. The

---

Rights down on every state throughout, and the Fifth Amendment was but one of them" The courts usually speak of "incorporation" rather than "cram down." And the Supreme Court has recently confirmed that the Grand Jury Clause is a part of the Bill of Rights not incorporated into the Fourteenth Amendment. *McDonald v. Chicago*, 561 U.S. 742 (2010).

[3] Petitioner gives no record reference to allow checking the correctness of the quotation.

[4] Petitioner's counsel miscites *Henderson* as appearing at 426 U.S. 437. The case that actually appears at that citation is *Oil, Chemical & Atomic Workers v. Mobil Oil Corp.*, 426 U.S. 407 (1976)

stipulation describes the content of the more than 2,000 videos and images recovered in terms of the age of participants and the nature of the sexual conduct displayed. This is not material an adult male can look at and say he did not know it was children engaged in sexual conduct. There are therefore facts in the stipulation to ground a finding of *mens rea*. The Report rejected Ground Eight on this same analysis and also noted it was procedurally defaulted by omission on direct appeal.

**Conclusion**

Having reconsidered the case upon recommittal, the Magistrate Judge again respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

December 20, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District

Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).